1  JEFFER, MANGELS, BUTLER & MITCHELL LLP
   ROBERT B. KAPLAN (Bar No. 76950)
2  Two Embarcadero Center, Fifth Floor
   San Francisco, California 94111-3813
3  Telephone:    (415) 398-8080
   Facsimile:    (415) 398-5584
4
   Attorneys for Plaintiffs WELLS FARGO BANK, N.A., as Trustee
5  for (i) the Registered Holders of GE Commercial Mortgage
   Corporation Commercial Mortgage Pass-Through Certificates,
6  Series 2005-C4; (ii) the Registered Holders of GMAC Commercial
   Mortgage Securities, Inc., Mortgage Pass-Through Certificates,
7  Series 2006-C1; and (iii) the Holders of COMM 2005-FL11
   Commercial Mortgage Pass-Through Certificates, acting by and
8  through Midland Loan Services, Inc., its Special Servicer

9                   UNITED STATES DISTRICT COURT

10                  NORTHERN DISTRICT OF CALIFORNIA

11

12  WELLS FARGO BANK, N.A., as Trustee, etc.,  | CASE NO.    CV 10-3493 EMC

13          Plaintiffs,                         | **ORDER APPOINTING RECEIVER EX
                                                | PARTE AND PRELIMINARY
14      v.                                      | INJUNCTION IN AID OF RECEIVER**

15  DDR MDT MV ANAHEIM HILLS LP, etc., et
16  al.,

17          Defendants.

18

19          Upon a reading of the Complaint herein (the "Complaint"), ~~the Ex Parte Application~~

20  ~~for Immediate Appointment of Receiver and Preliminary Injunction in Aid of Receiver,~~ and that

21  certain Stipulation for Ex Parte Appointment of Receiver (the "Stipulation"), entered into between

22  Plaintiffs Wells Fargo Bank, N.A., as Trustee for (i) the Registered Holders of GE Commercial

23  Mortgage Corporation Commercial Mortgage Pass-Through Certificates, Series 2005-C4; (ii) the

24  Registered Holders of GMAC Commercial Mortgage Securities, Inc., Mortgage Pass-Through

25  Certificates, Series 2006-C1; and (iii) the Holders of COMM 2005-FL11 Commercial Mortgage

26  Pass-Through Certificates (in that capacity, collectively, the "Trusts" or the "Plaintiffs"), acting by

27  and through Midland Loan Services, Inc., their Special Servicer, and Defendants DDR MDT MV

28  Anaheim Hills LP, DDR MDT MV Antioch LP, DDR MDT MV Chandler LLC, DDR MDT MV

1    Chino LP, DDR MDT MV Clovis LP, DDR MDT MV Deer Valley LLC, DDR MDT MV Folsom

2    LP, DDR MDT MV Foothill Ranch LP, DDR MDT MV Garden Grove LP, DDR MDT MV Ingram

3    LP, DDR MDT MV Lompoc LP, DDR MDT MV Madera LP, DDR MDT MV North Fullerton I

4    LP, DDR MDT MV Palmdale LP, DDR MDT MV Redding LP, DDR MDT MV Reno LLC, DDR

5    MDT MV Santa Maria LP, DDR MDT MV Santa Rosa LP, DDR MDT MV Silver Creek LLC,

6    DDR MDT MV Slatten Ranch LP, DDR MDT MV Sonora LP, DDR MDT MV Superstition

7    Springs LLC, DDR MDT MV Tucson LLC, DDR MDT MV Tulare LP, DDR MDT MV West Las

8    Vegas LLC, each, a Delaware limited partnership or a Delaware limited liability company, as

9    indicated, and DDR MDT MV Burbank LP, each, a Delaware limited partnership, (collectively, the

10   "Defendants" or "Borrowers"), and good cause appearing for the *ex parte* appointment of a receiver

11   in the above-entitled action (this "Action"):

12                              **ORDER APPOINTING RECEIVER**

13            IT IS HEREBY ORDERED THAT William Hoffman be and hereby is appointed

14   receiver (in such capacity, the "Receiver") in this Action over the Subject Properties[1] subject to the

15   condition that, before entering upon his duties as a Receiver, he shall take the oath and file a bond

16   with a surety thereon in the sum of $300,000.00 to secure the faithful performance of his duties as

17   such Receiver.

18            IT IS FURTHER ORDERED that the Receiver shall have the following powers and

19   responsibilities:

20            1.      To enter, gain access to and take possession of the Subject Properties and the

21   Rents (as that term is defined in the Loan Documents) notwithstanding Plaintiffs' enforcement of its

22   right prior to the filing of the Action to require Rents to be deposited into a lock box or similar

23   provisions which appear in the Loan Documents, to exclude and evict the Defendants, or anyone

24   claiming under or through the Defendants therefrom who are not under valid leases or rental

25   agreements to use, operate, manage and control the Subject Properties, to receive the Rents, to care

26

27   [1]  All capitalized terms not otherwise defined in this Order shall have the meanings ascribed to
     them in the Complaint for Specific Performance and Appointment of Receiver previously filed
28   in the Action.

989989v8                          - 2 -          ORDER APPOINTING RECEIVER EX PARTE &
                                                 PREL. INJ. IN AID OF RECEIVER

1   for, preserve, protect, secure and maintain the Subject Properties and the Rents and incur the

2   expenses necessary for such care, preservation and maintenance; and to do all things and to incur

3   the risks and obligations ordinarily incurred by the Defendants, managers and operators of similar

4   businesses and properties, as such Receiver, and no risks or obligations so incurred shall be at the

5   personal risk or obligation of the Receiver, but shall be a risk or obligation of the receivership

6   estate;

7   2.   To demand, collect and receive the Rents in the possession of the Defendants,

8   or now due and hereafter coming due from the tenants or lessees of any portion of the Subject

9   Properties;

10   3.   To let, rent or lease from time to time any part of the Subject Properties,

11   subject to the written approval of the Plaintiffs in their sole discretion, to keep the building thereon

12   insured and in good repair, and, in connection with that letting, renting or leasing, to supervise and

13   manage any construction at any of the Subject Properties to be undertaken by any of the Defendants

14   under any lease of that Subject Property (including a lease thereof that any of the Defendants are

15   entitled hereunder to enter into after qualification of the Receiver) and, to the extent that the

16   Plaintiffs advance funds to pay for said construction, the Receiver shall supervise and manage the

17   same;

18   4.   To take possession of and receive from any and all banks, savings and loan

19   associations and/or any financial institutions any monies and funds on deposit in said banks, savings

20   and loan associations and/or any financial institutions in the name of the Defendants, to the extent

21   that said accounts contain the Rents generated by or arising out of the Subject Properties, and the

22   Receiver's receipt of said monies and funds shall discharge said banks, savings and loan

23   associations and/or any financial institutions from further responsibility for accounting to said

24   account holder for monies and funds for which the Receiver shall give his receipt;

25   5.   To take possession of all the books and records of the Defendants pertaining

26   to the Subject Properties including, without limitation, construction contracts, bids, subcontracts,

27   permits, licenses, blueprints, architectural documents, plans, and specifications from the

28   Defendants, wherever located, as the Receiver deems necessary for the proper administration,

PRINTED ON
RECYCLED PAPER

989989v8                                              - 3 -          ORDER APPOINTING RECEIVER EX PARTE &
                                                                     PREL. INJ. IN AID OF RECEIVER

1  management and/or control of the estate, but said books and records shall be made available to the
2  Defendants as is reasonably necessary;

3        6.     To execute and prepare all documents and to perform all acts, either in the
4  name of the Defendants or in the Receiver's own name, which are necessary or incidental to
5  preserving, protecting, managing and/or controlling the Subject Properties and the receivership
6  estate; provided, however, that the Receiver will not, in so acting, be deemed to be an agent of the
7  Plaintiffs or the Defendants, and any monetary obligations incurred by the Receiver in operating,
8  managing, controlling, caring for, preserving, protecting, securing or maintaining the Subject
9  Properties will nonetheless be obligations of the receivership estate and not personal obligations of
10  the Receiver, Plaintiffs or the Defendants;

11        7.     To employ agents, servants, employees, guards, clerks, accountants,
12  construction managers, on-site managers and management consultants to administer the
13  receivership estate and to collect the Rents, manage the Subject Properties, and keep the same
14  insured and in good repair, if the Receiver shall deem the same necessary, and to pay the reasonable
15  value of said services out of the Rents received;

16        8.     For each insurance policy presently covering or with respect to any of the
17  Subject Properties that provides insurance for or with respect thereto that is required by the Loan
18  Documents (those policies, whether for any of the Subject Properties individually or under a blanket
19  policy, collectively, the "Required Policies"), Defendants shall keep that Required Policy in place to
20  cover or with respect to each of the Subject Properties until the earlier of (i) the current expiration
21  of that Required Policy; and (ii) the closing of a sale thereof by the Defendants or the Receiver;
22  provided, however, that with respect to any Required Policy, (i) the Receiver may permit the
23  Defendants to permit that policy to lapse or be cancelled; and (ii) to the extent that any Required
24  Policy requires the payment of premiums after the Receiver becomes qualified and the Receiver
25  does not pay the same, the Defendants may permit that policy to lapse or be cancelled. Upon the
26  qualification of the Receiver, the Defendants shall (i) as soon as is practicable advise the Receiver
27  of the nature, extent, and status of all Required Policies; and (ii) reasonably cooperate with the
28  Receiver in having the Receiver made an additional insured under each Required Policy. If any of

JMBM | Jeffer Mangels Butler & Mitchell LLP

1  the Subject Properties is sold by the Defendants or the Receiver prior to the current expiry of any

2  Required Policy and the Defendants or any affiliate of the Defendants is entitled on account thereof

3  to a refund or rebate of premiums paid on any Required Policy and the premiums for that Required

4  Policy were paid, in whole or in part, with Rents or advances by the Plaintiffs, the Defendants shall

5  cause that refund to be paid directly to the Plaintiffs, in kind, in accordance with those instructions

6  for the payment thereof that the Plaintiffs may give for application to the Indebtedness as provided

7  in the Loan Documents (as that term is defined therein).  Defendants shall also provide the Receiver

8  with the identity of the Defendants' insurance companies, insurance agent's names and contact

9  information and provide the Receiver with copies of all their current insurance policies relating to

10  the Subject Properties.  Upon the expiration of any current insurance policy(ies) in effect relating to

11  the Subject Properties, the Receiver is hereby ordered to procure insurance policies to replace any

12  such expired insurance policies in amounts and with coverage satisfactory to the Plaintiffs in their

13  sole discretion;

14      9.      To hold the monies coming into possession of the Receiver pursuant to his

15  operation of the business thereto, and not expended for any of the purposes herein authorized, shall

16  be held by said Receiver for the payment of the Defendants' obligations to Plaintiffs sued upon in

17  the Complaint;

18      10.     To establish bank accounts for the deposit of monies and funds collected and

19  received in connection with the Receiver's administration of the receivership estate, at any financial

20  institution the Receiver deems appropriate, provided that any funds on deposit at said financial

21  institution are fully insured by an agency of the United States government;

22      11.     To institute ancillary proceedings in this state or other states and countries as

23  are necessary to preserve and protect the receivership estate, and the Receiver may engage the

24  services of legal counsel, if necessary, upon prior approval of this Court and notice to the Plaintiffs.

25  The Receiver may pay for such services from the funds of the receivership estate;

26      12.     To the extent feasible, the Receiver shall, within thirty (30) days of his

27  qualification hereunder, file in this action an inventory of the Subject Properties which he shall have

28  taken possession pursuant to this Order and shall file supplemental inventories as needed;

JMBM  Jeffer Mangels
Butler & Mitchell LLP

PRINTED ON
RECYCLED PAPER

989989v8                              - 5 -      ORDER APPOINTING RECEIVER EX PARTE &
                                                 PREL. INJ. IN AID OF RECEIVER

1    13.    To prepare a monthly report reflecting the Receiver's fees and administrative

2    costs and expenses incurred for said period in the operation and administration of the receivership

3    estate. The Receiver shall serve upon the parties a monthly report which includes a narrative report

4    of events, a financial report, a statement of all fees paid to the Receiver, employees and

5    professionals showing itemized services, a breakdown of the services by 1/10 of an hour

6    increments, if the fees are hourly, the hourly fees, and if the fees are on another basis, that basis.

7    Upon completion of the monthly report and the mailing of such statement to the parties' respective

8    attorneys of record, or any other designated person or agent, and if no objection is received within

9    10 calendar days after the mailing of the monthly report, the Receiver shall pay from the estate

10   funds, if any, the amount of said statement based upon the fee schedule set forth in the Declaration
                                                    Stipulation for
11   of the Receiver filed in support of Plaintiffs' Ex Parte Application for Immediate Appointment of a

12   Receiver, *etc.* Despite the periodic statement of Receiver's fees and administrative expenses, such

13   fees and expenses shall be submitted to this Court for its approval and confirmation, in the form of a

14   stipulation among the parties, or the Receiver's final accounting and report;

15    14.    If there are insufficient funds in the receivership estate to pay expenses of the

16   receivership, the expenses of the receivership estate may be paid by the Plaintiffs or advanced to the

17   Receiver by the Plaintiffs, in their sole and absolute discretion, opinion and judgment of the

18   Plaintiffs, and the Receiver shall issue Receiver's Certificates of Indebtedness to the Plaintiffs in the

19   amount of any such payments or advances, all subject to the right of the Receiver or the Plaintiffs,

20   in their discretion, to seek further orders of this Court with respect thereto. Any such Certificates of

21   Indebtedness issued by the Receiver to the Plaintiffs shall not be the personal obligation of the

22   Receiver but the obligation of the receivership estate;

23    15.    The Receiver shall not be responsible for payment of any real property taxes,

24   utility bills, mechanic's liens, federal and state liens, construction contracts, unpaid payroll expenses

25   or other unpaid invoices for services, materials, labor or utilities incurred by the Defendants, or for

26   the benefit of, the Subject Properties prior to the Receiver's taking possession of the Subject

27   Properties. No utility or other vendor may terminate service or the provision of other goods or

28   services to the Subject Properties as a result of the non-payment of pre-receivership obligations,

JMBM | Jeffer Mangels
       Butler & Mitchell LLP

PRINTED ON
RECYCLED PAPER

989989v8                          - 6 -        ORDER APPOINTING RECEIVER EX PARTE &
                                               PREL. INJ. IN AID OF RECEIVER

1    without prior order of this Court;

2            16.    The Defendants, their agents, servants, employees or representatives, or all
3    persons or entities acting under or in concert with the Defendants, on receipt of a copy of this Order
4    shall provide the Receiver with the Tax Identification numbers utilized by the Defendants for the
5    construction or operation of the Subject Properties. The Receiver shall be entitled to utilize the
6    aforementioned Tax Identification numbers during his operation of the Subject Properties;

7            17.    Pursuant to the provisions of 20 U.S.C. § 754, the Receiver shall file a copy
8    of the Complaint previously filed by Plaintiffs in this Action and this Order in the United States
9    District Court for each district in which the Subject Properties are located on or before 10 days have
10   elapsed from the date of the entry of this Order.

11           18.    The Receiver shall be authorized to open all mail addressed to the Defendants
12   at the Subject Properties. The Receiver is authorized to make copies of this mail, and then forward
13   this mail to the addressed to the Defendants at the addresses provided by the Defendants;

14           19.    The Receiver and the parties to this case may, at any time, apply to this Court
15   for further or other instructions or orders and for further powers necessary to enable the Receiver to
16   perform the Receiver's duties properly;

17           20.    The Receiver is authorized to endorse checks payable to the Defendants, to
18   send notice to accounts receivable debtors of the Defendants directing the same to make payments
19   due to the Defendants which are part of the Subject Properties or the proceeds thereof to the
20   Receiver, to undertake whatever actions are reasonable or necessary to collect the accounts
21   receivable of the Defendants, and to compromise the amounts owing from account debtors of the
22   Defendants if in the Receiver's reasonable business judgment it is appropriate to do so;

23           21.    The Receiver is authorized to institute ancillary proceedings in this or in
24   other states as are reasonable or necessary to preserve and protect the Subject Properties and
25   receivership estate, to collect upon accounts receivable which are part of the Subject Properties to
26   obtain possession and collect any other part of the Subject Properties, and to defend himself from
27   the action of others;

28           22.    The Receiver shall have no responsibility for filing federal and state income

PRINTED ON
RECYCLED PAPER

JMBM | Jeffer Mangels
Butler & Mitchell LLP

989989v8                              - 7 -      ORDER APPOINTING RECEIVER EX PARTE &
                                                 PREL. INJ. IN AID OF RECEIVER

1  tax returns or federal or state payroll tax returns and shall not be responsible for paying any unpaid

2  federal and state payroll taxes and expenses of the Defendants. The responsibility for such filings

3  and payments lies exclusively with the Defendants and their agents, servants, employees and

4  representatives;

5        23.    The Receiver shall not be obligated to upgrade the Subject Properties or

6  make any improvements thereto, unless and until ordered to do so by this Court;

7        24.    The Receiver shall not be obligated to contribute personal funds in the

8  performance of his duties hereunder;

9        25.    Any security or other deposits which tenants of the Subject Properties have

10  paid to the Defendants or their agents and which are not paid to the Receiver and over which the

11  Receiver has no control, shall be obligations of the Defendants and may not be refunded by the

12  Receiver without an order of the above entitled Court. Any other security or other deposits which

13  tenants of the Subject Properties have paid or may pay to the Receiver, if otherwise refundable

14  under the terms of their leases or agreements with the Receiver, shall be refundable by the Receiver

15  in accordance with such leases or agreements;

16        26.    Defendants are ordered to promptly notify the Receiver of the names,

17  addresses and telephone numbers of all parties and their counsel who appear in the above-entitled

18  action, so that the Receiver may give notice to all parties of any matters affecting the receivership

19  estate;

20        27.    No person or entity shall file suit against the Receiver, or take other action

21  against the Receiver, without an order of this Court permitting the suit or action provided, however,

22  that no prior court order is required to file a motion in this action to enforce the provisions of this

23  Order or any other order of this Court in this Action; and

24        28.    The receivership estate and its employees, agents, attorneys and all

25  professionals and management companies retained by the Receiver shall have no liability for any

26  obligations, or debts incurred by the Defendants. The Receiver and its employees, agents and

27  attorneys shall have no personal liability, and they shall have no claim asserted against them

28  relating to the Receiver's duties under this Order, without prior authority from this Court as stated in

PRINTED ON
RECYCLED PAPER

989989v8         - 8 -    ORDER APPOINTING RECEIVER EX PARTE &
PREL. INJ. IN AID OF RECEIVER

JMBM | Jeffer Mangels Butler & Mitchell LLP

1      paragraph 27 above.

2      29.      Notwithstanding any provisions of this Order to the contrary, the Receiver

3 shall have no right to offer for sale or lease, negotiate to sell or lease, or to sell or lease the Pipeline

4 Lease Properties (as that term is defined in that certain Forbearance and Non-Interference

5 Agreement dated as of August 6, 2010 entered into between the Plaintiffs and the Borrowers (the

6 "Non-Interference Agreement")), until the earlier of (i) the Pipeline Lease Outside Effective Date

7 (as that term is defined in the Non-Interference Agreement) and (ii) the Plaintiffs written notice to

8 the Receiver via electronic mail, which shall be copied via electronic mail to the Defendants'

9 counsel of record in the above-entitled action, that the Receiver is authorized to do so (collectively,

10 a "Borrowers Pipeline Lease Properties Termination Event"). Prior to the occurrence of a

11 Borrowers Pipeline Lease Properties Termination Event, the Receiver shall cause his agents and

12 attorneys to cooperate, in a timely and prompt manner with the Defendants in connection with any

13 attempts made by the Defendants to promote, advertise, document and closing the lease of the

14 Pipeline Lease Properties.

15      30.      Notwithstanding any provision of this Order to the contrary, the Receiver

16 shall have no right to offer for sale or lease, negotiate to sell or lease, or to sell or lease the Pipeline

17 Sale Properties (as that term is defined in the Non-Interference Agreement) until the earlier of (i)

18 the Pipeline Sale Outside Closing Date (as that term is defined in the Non-Interference Agreement)

19 and (ii) the Plaintiffs have given a written notice to the Receiver via electronic mail, which shall be

20 copied via electronic mail to the Defendants' counsel of record in the above-entitled action, that the

21 Receiver is authorized to do so (collectively, a "Borrowers Pipeline Sale Properties Termination

22 Event"). Prior to the occurrence of a Borrowers Pipeline Sale Properties Termination Event, the

23 Receiver cause its agents and attorneys to cooperate in a timely and prompt manner with the

24 Defendants in connection with any efforts made by Defendants to promote, advertise, document and

25 close the sale of the Pipeline Sale Properties. Such cooperation shall also include the Receiver

26 effectuating the release of the Pipeline Sale Properties from the receivership estate

27 contemporaneously with the closing of any sale of the Pipeline Sale Properties.

28      31.     The Defendants shall be entitled to be paid the Pipeline Sale DDR

JMBM Jeffer Mangels Butler & Mitchell LLP

PRINTED ON
RECYCLED PAPER

989989v8

ORDER APPOINTING RECEIVER EX PARTE &
PREL. INJ. IN AID OF RECEIVER

1  Disposition Fee (as that term is defined in the Non-Interference Agreement) and EDT Retail

2  Management Limited (formerly known as Macquarie DDR Management LLC) shall be entitled to

3  be paid the Pipeline Lease DDR Disposition Fee (as that term is defined in the Non-Interference

4  Agreement) all as more specifically set forth in the Non-Interference Agreement and the Receiver

5  shall cooperate and not interfere with any such payments required to be paid to the Defendants.

6          IT IS FURTHER ORDERED that the Receiver shall have the power to take

7  possession of all of the books and records pertaining to the Subject Properties including without

8  limitation the following described records of the Defendants, items, permits, licenses, blueprints,

9  architectural documents, plans and specifications from the Defendants as the Receiver deems

10  necessary for the proper administration, management and/or control of the estate (collectively, the

11  "Records"), but the Records shall be made available to the Defendants as is reasonably necessary

12  including, without limitation, in connection with the sale by the Defendants of the Pipeline Sale

13  Properties or the lease by Defendants of the Pipeline Lease Properties:

14          a.    keys;

15          b.    books, records, checkbooks, ledgers, accounts payable and accounts

16  receivable records;

17          c.    leases including all communication/correspondence files;

18          d.    rent rolls;

19          e.    tenant contact names and telephone numbers;

20          f.    occupant ledgers;

21          g.    a current aged account receivable/delinquency report;

22          h.    an aged listing of all trade payables and other payables;

23          i.    non-privileged documents identifying and summarizing all pending

24  litigation (excluding this action);

25          j.    documents pertaining to all pending new leases or renewals;

26          k.    tenant and vendor insurance certificates;

27          l.    existing executory contracts and service contracts;

28          m.    pending bids for contractor work;

JMBM | Jeffer Mangels Butler & Mitchell LLP

PRINTED ON
RECYCLED PAPER

989989v8

ORDER APPOINTING RECEIVER EX PARTE &
PREL. INJ. IN AID OF RECEIVER

1        n.      on-site employee payroll records;

2        o.      documents, books, records and computer files of the Defendants

3    related to the operation and management of the Subject Properties, all passwords needed to access

4    same if not provided in CD or other reasonable electronic format, and all other records of the

5    Defendants concerning the income, and operation and management of the Subject Properties;

6        p.      lists of utilities providers and utilities accounts;

7        q.      inventories of all equipment, furniture, vehicles, and supplies;

8        r.      operating statements and year-to-date 2010 operating statements;

9        s.      site plans, specifications, floor plans, drawings, measurements, *etc.*;

10       t.      list of historical common area maintenance charges and operating

11   expenses for the Subject Properties;

12       u.      computer equipment, software, management files, equipment,

13   furniture, and supplies of the Defendants, and all passwords needed to access all software and

14   computer files of the Defendants relating to the operation and management of the Subject

15   Properties, maintained at the on-site management office(s) (and all off-site financial records)

16   including the office located at the Subject Properties if not provided in CD or other reasonable

17   electronic format; and

18       v.      non-privileged information concerning all insurance claims submitted

19   in the past three years concerning the Subject Properties.

20       IT IS FURTHER ORDERED that, in view of the unique nature of the Subject

21   Properties, the limited purpose to which they may be used, and the size and value of the Subject

22   Properties, it is in the best interest of the receivership estate that the Receiver attempt to sell any of

23   the Subject Properties at private sales, through direct negotiations with respect to purchasers, and

24   the Receiver is authorized to do so and shall employ the following sales procedures with respect to

25   the sale of any of the Subject Properties:

26       a.      The Receiver shall retain one or more brokers to list any of the

27   Subject Properties for sale (collectively, the "Broker") subject to the written approval of the

28   Plaintiffs and this Court;

JMBM | Jeffer Mangels
       Butler & Mitchell LLP

1        b.      All offers to purchase any of the Subject Properties thereof shall be

2 presented in writing by the Broker to the Receiver. On or before two business days have elapsed

3 from the date of the Receiver's receipt of any offer to purchase any of the Subject Properties in

4 question (the "Sale Offer"), the Receiver shall deliver a copy of the Sale Offer via electronic mail to

5 (i) Robert B. Kaplan, Esq., counsel for the Plaintiffs via electronic mail, at RBK@jmbm.com, and

6 (ii) counsel for the Borrowers in this Action (collectively, the "Sales Parties");

7        c.      The Receiver shall have the right, in his sole discretion, to accept,

8 reject, and/or make a counteroffer to any Sale Offer, and shall provide notice in the manner set forth

9 in section b above of any acceptance, rejection and/or counteroffer to the Sale Parties concurrently

10 with the delivery of the counteroffer to the proposed buyer;

11        d.      The Receiver shall have the right, in his sole discretion, to accept any

12 Sale Offer, (the "Accepted Offer") and to perform such acts as reasonably may be required to sell

13 any of the Subject Properties or any portion thereof and to execute all documents and instruments

14 reasonably necessary related thereto to close any escrow established for the sale of any of the

15 Subject Properties, and to transfer title of any of the Subject Properties to a buyer; provided,

16 however, that any Accepted Offer shall be solely subject to the written approval of the Plaintiffs, in

17 their sole discretion;

18        e.      Any actions taken by the Receiver to sell any of the Subject

19 Properties shall not constitute or create a representation or warranty by the Receiver as to any aspect

20 of the sale of any of the Subject Properties and any such sale shall be "as is", "where is", "with all

21 faults" and with no representations and/or warranties, and shall be without risk or liability to the

22 Receiver and/or the receivership estate;

23        f.      Any Accepted Offer shall state to the buyer of any of the Subject

24 Properties that the Accepted Offer is subject to approval by this Court without overbid;

25        g.      A motion to approve and confirm a sale of one or more of the Subject

26 Properties pursuant to a purchase and sale agreement which is executed in connection with each

27 Accepted Offer ("PSA") may be made on no less than 35 days notice to the parties to the Action,

28 unless this Court enters an Order allowing such a motion to be heard on shortened time;

PRINTED ON
RECYCLED PAPER

989989v8

- 12 -    ORDER APPOINTING RECEIVER EX PARTE &
          PREL. INJ. IN AID OF RECEIVER

JMBM | Jeffer Mangels
Butler & Mitchell LLP

1    h.    All proceeds of sale paid to the Receiver including, but not limited to,

2  any commissions owed to the Broker in connection with the closing of any sale approved by this

3  Court pursuant to an Accepted Offer, shall be distributed as set forth in any Order entered by this

4  Court approving of an Accepted Offer;

5    i.    Notwithstanding the provisions of 28 U.S.C. § 2001(b), the Plaintiffs

6  and Defendants have waived the provisions thereof that (1) require the Court to appoint three

7  disinterested persons to appraise any of the Subject Properties which is the subject of an Accepted

8  Offer or different groups of three appraisers to appraise the Subject Properties which is the subject

9  of the Accepted Offer, (2) require that no private sale of the Subject Properties can be confirmed at

10  a price which is less than two-thirds of its appraised value, and (3) permit overbidding with respect

11  to any sale of the Subject Properties which is the subject of Accepted Offer;

12    j.    Defendants shall at all times cooperate, and cause its agents and

13  attorneys to cooperate, with any reasonable request of the Receiver, in a timely and prompt manner,

14  in connection with any efforts made by the Receiver to sell and/or lease the Subject Properties

15  including without limitation all commercial and reasonable efforts of Receiver to promote,

16  advertise, document and close the sale or leasing of the Subject Properties; provided, however,

17  nothing contained in this subsection j. of this Order shall in any impair the rights of the Defendants

18  and the obligations of the Receiver with respect to the Pipeline Lease Properties and with respect to

19  the Pipeline Sale Properties as more specifically set forth in Sections 29 and 30 of this Order infra;

20  and

21    k.    The Receiver shall (1) deliver via electronic mail to counsel for the

22  Sales Parties a copy of a fully executed PSA or each proposed sale of the Subject Properties which

23  is the subject of an Accepted Offer within two business days (as that term is defined in the Non-

24  Interference Agreement) after execution, (2) provide five business days advance notice via

25  electronic mail to counsel for the Sales Parties of the Closing Date of any sale of the Subject

26  Properties pursuant to a PSA which has been approved by the above-entitled Court and any changes

27  thereto, and (3) deliver via electronic mail to counsel for the Sales Parties notice that a sale pursuant

28  to an approved PSA has been closed and a copy of a deed transferring ownership of each of the

JMBM |Jeffer Mangels Butler & Mitchell LLP

PRINTED ON
RECYCLED PAPER

989989v8                     - 13 -       ORDER APPOINTING RECEIVER EX PARTE &
                                          PREL. INJ. IN AID OF RECEIVER

1    Subject Properties which is the subject of an approved PSA, on or before seven business days have

2    elapsed from the closing date.

3                    **PRELIMINARY INJUNCTION IN AID OF RECEIVER**

4                    IT IS FURTHER ORDERED that the Defendants, and all persons and entities now

5    in possession of any part of the Subject Properties and not holding under valid leases, or rental

6    agreements, shall forthwith surrender their possession thereof to said Receiver, and that all tenants

7    or lessees in possession of any part of the Subject Properties, and such other persons or entities as

8    may be lawfully in possession thereof, are hereby directed to attorn as tenants, or lessees to said

9    Receiver.

10                   IT IS FURTHER ORDERED that the Defendants and their agents, employees and

11   representatives, and all persons or entities acting under or in concert with the Defendants, are

12   restrained and enjoined from engaging in or performing, directly or indirectly, any or all of the

13   following acts:

14         1.     Interfering with or hindering in any way whatsoever the Receiver in the

15   performance of the Receiver's duties herein described and in the performance of any duties incident

16   thereto;

17         2.     Interfering in any manner with the Subject Properties, including its

18   possession;

19         3.     Transferring, conveying, assigning, pledging, deeding, selling, renting,

20   leasing, encumbering, changing ownership of, vesting of title to, or otherwise disposing of the

21   Subject Properties, other than the Pipeline Sale Properties and Pipeline Lease Properties as more

22   specifically set forth in Sections 28 and 29 of this Order infra; and

23         4.     Terminating or otherwise affecting any of the utilities which service the

24   Subject Properties.

25                   IT IS FURTHER ORDERED that:

26         1.     The Defendants, their agents, servants, employees or representatives, or any

27   persons or entities acting under or in concert with Defendants, shall immediately give to Receiver

28   electronic access to the records and all other documents and papers of Defendants pertaining to the

PRINTED ON
RECYCLED PAPER

989989v8                          - 14 -      ORDER APPOINTING RECEIVER EX PARTE &
                                              PREL. INJ. IN AID OF RECEIVER

1 operation of the Subject Properties and promptly shall provide copies of same as requested by the

2 Receiver over to the Receiver the Records and all other documents and papers of the Defendants

3 pertaining to the operation of the Subject Properties and shall turn over to the Receiver all Rents in

4 the possession of the Defendants, if any; and

5    2.  The Plaintiffs and their officers, employees and agents shall have immediate

6 access to the Subject Properties to enable them to view and inspect the Subject Properties for the

7 purposes of appraisal.

8    IT IS FURTHER ORDERED that the Receiver is not authorized to take possession

9 of any monies of the Defendants except for those which are the Rents of the Subject Properties as

10 that term is defined in the Loan Documents.

11    IT IS FURTHER ORDERED that the requirement that the Plaintiffs file an

12 undertaking pursuant to Federal Rule of Civil Procedure 65(e) is hereby waived.

13

14 DATED: 8/24/10

           UNITED STATES DISTRICT COURT JUDGE

15                   MAGISTRATE

16

17

18

19

20

21

22

23

24

25

26

27

28

PRINTED ON
RECYCLED PAPER

989989v8

- 15 -  ORDER APPOINTING RECEIVER EX PARTE &
       PREL. INJ. IN AID OF RECEIVER