1    JEFFER MANGELS BUTLER & MITCHELL LLP
     ROBERT B. KAPLAN, P.C. (Bar No. 76950)
2    Two Embarcadero Center, Fifth Floor
     San Francisco, California  94111-3813
3    Telephone:    (415) 398-8080
     Facsimile:     (415) 398-5584

4

5    Attorneys for Plaintiffs WELLS FARGO BANK, N.A., as Trustee
     for (i) the Registered Holders of GE Commercial Mortgage
6    Corporation Commercial Mortgage Pass-Through Certificates,
     Series 2005-C4; (ii) the Registered Holders of GMAC Commercial
     Mortgage Securities, Inc., Mortgage Pass-Through Certificates,
7    Series 2006-C1; and (iii) the Holders of COMM 2005-FL11
     Commercial Mortgage Pass-Through Certificates, acting by and
8    through CWCapital Asset Management, LLC, its Special Servicer

9                     UNITED STATES DISTRICT COURT

10             NORTHERN DISTRICT OF CALIFORNIA

11    WELLS FARGO BANK, N.A.,        CASE NO.     CV 10-3493 EMC xxx
     as Trustee, etc.,

12                        **SUPPLEMENTAL DECLARATION OF**
             Plaintiffs,          **WILLIAM HOFFMAN IN SUPPORT OF**
13                        **MOTION AND MOTION FOR ORDERS:**
         v.

14                        **(1)   APPROVING OF RECEIVER'S FINAL**
     DDR MDT MV ANAHEIM HILLS LP, etc.,            **ACCOUNTING;**
15    et al.,                              **(2)   APPROVING OF RECEIVER'S FINAL**
                                      **FEES AND EXPENSES;**
16              Defendant.       **(3)   DISCHARGING RECEIVER;**
                             **(4)   EXONERATING RECEIVER'S BOND;**
17                        **(5)   APPROVING TURNOVER OF BOND;**
                       **(6)   RATIFYING ACTS OF RECEIVER**

18

19

20

21

22           I, William Hoffman, declare:

23               1.       I am the Court appointed receiver ("Receiver") in the above-entitled action.

24 If called upon to testify as to the matters set forth in this declaration, I could and would competently

25 testify thereto as the facts set forth herein are personally known to me to be true.

26              2.       I make this supplemental declaration in support of this Motion for Orders: (1)

27 Approving of Receiver's Final Accounting; (2) Approving of Receiver's Final Fees And Expenses;

28 (3) Discharging Receiver; (4) Exonerating Receiver's Bond; (5) Approving Turnover of

PRINTED ON
RECYCLED PAPER

SF 1451016v1            - 1 -           W. HOFFMAN SUPPL. DEC. ISO MOTION FOR
                                              ORDERS APPROVING FINAL REPORT, ETC.

1    Receivership Funds; and (6) Ratifying Acts of Receiver (the "Motion"), which was filed in the

2    above-entitled case on January 24, 2013.  In support of the Motion, I executed a declaration,

3    concurrently filed therewith, that attached as Exhibit 2 the Receiver's Final Account and Report (the

4    "Receiver's Final Report").

5         3.    On August 9, 2010, Plaintiffs Wells Fargo Bank, N.A., as Trustee for (i) the

6    Registered Holders of GE Commercial Mortgage Corporation Commercial Mortgage Pass-Through

7    Certificates, Series 2005-C4; (ii) the Registered Holders of GMAC Commercial Mortgage

8    Securities, Inc., Mortgage Pass-Through Certificates, Series 2006-C1; and (iii) the Holders of

9    COMM 2005-FL11 Commercial Mortgage Pass-Through Certificates, acting by and through

10   CWCapital Asset Management, LLC, its Special Servicer (collectively, "Trusts" or "Plaintiffs")

11   filed its Complaint for Specific Performance and the Appointment of Receiver.  Thereafter,

12   pursuant to the terms of that certain Stipulation for Ex Parte Appointment of Receiver entered into

13   between Plaintiffs and Defendants DDR MDT MV Anaheim Hills LP, DDR MDT MV Antioch LP,

14   DDR MDT MV Chandler LLC, DDR MDT MV Chino LP, DDR MDT MV Clovis LP, DDR MDT

15   MV Deer Valley LLC, DDR MDT MV Folsom LP, DDR MDT MV Foothill Ranch LP, DDR MDT

16   MV Garden Grove LP, DDR MDT MV Ingram LP, DDR MDT MV Lompoc LP, DDR MDT MV

17   Madera LP, DDR MDT MV North Fullerton I LP, DDR MDT MV Palmdale LP, DDR MDT MV

18   Redding LP, DDR MDT MV Reno LLC, DDR MDT MV Santa Maria LP, DDR MDT MV Santa

19   Rosa LP, DDR MDT MV Silver Creek LLC, DDR MDT MV Slatten Ranch LP, DDR MDT MV

20   Sonora LP, DDR MDT MV Superstition Springs LLC, DDR MDT MV Tucson LLC, DDR MDT

21   MV Tulare LP, DDR MDT MV West Las Vegas LLC, each, a Delaware limited partnership or a

22   Delaware limited liability company, as indicated, and DDR MDT MV Burbank LP, each, a

23   Delaware limited partnership (each a "Defendant" and collectively, the "Defendants") which was

24   filed in the above-entitled action on August 11, 2010, that certain Order Appointing Receiver Ex

25   Parte and Preliminary Injunction in Aid of Receiver was filed on August 24, 2010 ("Receivership

26   Order"), a true and correct copy of which is attached hereto as Exhibit 1, pursuant to which I was

27   appointed as Receiver.

28   ///

PRINTED ON
RECYCLED PAPER

JMBM | Jeffer Mangels
Butler & Mitchell LLP

A.    **The Disposition of the Real Properties**

4.    Following the entry of the Receivership Order, the receivership estate (the "Receivership Estate") was created, and I was appointed as Receiver over and took possession of 25 real properties owned by Defendants (each a "Property" and collectively the "Properties"). However, I did not take possession of the real property owned by Defendant DDR MDT MV West Las Vegas LLC ("Defendant DDR West Las Vegas"), because the Property owned by Defendant DDR West Las Vegas was sold immediately prior to my appointment on August 11, 2010.

5.    At the time I took possession of the Properties, the real property commonly known as 4710 Easy Ray Road, Phoenix, Arizona (the "Phoenix Silver Property") was under contract for sale.  The sale of the Phoenix Silver Property closed on December 9, 2010 in the amount of $6,500,000.00, but did not come into the Receivership Estate.

6.    As for the disposition of the remaining Properties, the Plaintiffs conducted various non-judicial foreclosure sales.  An affiliate of the Plaintiffs was the successful credit bidder on all the remaining Properties foreclosed and, thus, no monies came into the Receivership Estate from these foreclosure sales.  A chart indicating each address of the Property foreclosed, the name of the Defendant that owed the Property foreclosed upon immediately prior to foreclosure, and the date of the foreclosure sale follows:

| Defendant | Real Property Address | Foreclosure Sale Date |
|---|---|---|
| DDR MDT MV Anaheim Hills LP | 8100 East Santa Ana Canyon Rd. Anaheim, CA | August 30, 2012 |
| DDR MDT MV Antioch LP | 2602 Somersville Rd. Antioch, CA | August 30, 2012 |
| DDR MDT MV Burbank LP | 245 East Magnolia Blvd. Burbank, CA | August 30, 2012 |
| DDR MDT MV Chandler LLC | 2994 North Alma School Rd. Chandler, AZ | July 16, 2012 |
| DDR MDT MV Chino LP | 5517 Philadelphia St. Chino, CA | August 30, 2012 |

PRINTED ON
RECYCLED PAPER

SF 1451016v1

W. HOFFMAN SUPPL. DEC. ISO MOTION FOR ORDERS APPROVING FINAL REPORT, ETC.

JMBM | Jeffer Mangels Butler & Mitchell LLP

| Defendant | Real Property Address | Foreclosure Sale Date |
|---|---|---|
| DDR MDT MV Clovis LP | 1000 Shaw Ave. Clovis, CA | August 30, 2012 |
| DDR MDT MV Deer Valley LLC | 4255 W. Thunderbird Rd. Phoenix, AZ | July 16, 2012 |
| DDR MDT MV Folsom LP | 1010 East Bidwell St. Folsom, CA | October 4, 2012 |
| DDR MDT MV Foothill Ranch LP | 26732 Portola Pkwy. Foothill Ranch, CA | August 30, 2012 |
| DDR MDT MV Garden Grove LP | 13092 Harbor Blvd. Garden Grove, CA | August 30, 2012 |
| DDR MDT MV Ingram LP | 6157 Northwest Loop 410 San Antonio, TX | December 6, 2011 |
| DDR MDT MV Lompoc LP | 1600 North H St. Lompoc, CA | August 30, 2012 |
| DDR MDT MV Madera LP | 1467 Country Club Dr. Madera, CA | August 30, 2012 |
| DDR MDT MV North Fullerton I LP | 200 -202 Imperial Hwy. Fullerton, CA | August 30, 2012 |
| DDR MDT MV Palmdale LP | 1305 West Rancho Vista Blvd. Palmdale, CA | August 30, 2012 |
| DDR MDT MV Redding LP | 1755 Hilltop Dr. Redding, CA | October 4, 2012 |
| DDR MDT MV Reno LLC | 6895 Sierra Center Pkwy. Reno, NV | August 23, 2012 |
| DDR MDT MV Santa Maria, LP | 201 Towncenter West Santa Maria, CA | August 30, 2012 |
| DDR MDT MV Santa Rosa LP | 600 Santa Rosa Plaza Santa Rosa, CA | October 4, 2012 |
| DDR MDT MV Slatten Ranch LP | 5849 Lone Tree Way Antioch, CA | August 30, 2012 |

SF 1451016v1

W. HOFFMAN SUPPL. DEC. ISO MOTION FOR ORDERS APPROVING FINAL REPORT, ETC.

PRINTED ON RECYCLED PAPER

| Defendant | Real Property Address | Foreclosure Sale Date |
|---|---|---|
| DDR MDT MV Sonora LP | 1151 Sanguinetti Rd. Sonora, CA | October 4, 2012 |
| DDR MDT MV Superstition Springs LLC | 6555 East Southern Ave. Mesa, AZ | July 16, 2012 |
| DDR MDT MV Tucson LLC | 3660 South 16th St. Tucson, AZ | July 16, 2012 |
| DDR MDT MV Tulare LP | 1675 Hillman St. Tulare, CA | August 30, 2012 |

**B.     The Receiver's Final Accounting and Financial Summary**

7.     Page 9 of my Final Account and Report provides that the Receivership Estate received a total of $28,915,026.68 in income as of December 5, 2012, broken down in following categories:

| Description | Amount |
|---|---|
| Rental Income from Properties | $13,537,936.83 |
| Lender (Plaintiffs') Contributions | $13,844,072.35 |
| Refunds – Property Taxes | $630,874.07 |
| Refunds – Utility Deposits | $212,475.32 |
| Insurance Reimbursements[1] | $689,668.11 |
| **TOTAL** | **$28,915,026.68** |

///

///

///

///

///

///

---

[1] Insurance reimbursement for repair and replacement costs of HVAC and electrical panels at two of the Properties due to copper theft.  These two Properties were located at 200-202 Imperial Highway, Fullerton, California and 2994 North Alma School Road, Chandler, Arizona.

PRINTED ON
RECYCLED PAPER

SF 1451016v1

- 5 -

W. HOFFMAN SUPPL. DEC. ISO MOTION FOR ORDERS APPROVING FINAL REPORT, ETC.

JMBM | Jeffer Mangels Butler & Mitchell LLP

8.      After my Final Account and Report was prepared, the Receivership Estate received an additional $94,482.83 in income due to refunds from utility deposits and property taxes. Thus, the total receipts of the Receivership Estate as of March 1, 2013 is $29,009,509.51 ($28,915,026.68 + $94,482.83) and is broken down as follows:

| Description | Amount |
|---|---|
| Rental Income from Properties | $13,537,936.83 |
| Lender (Plaintiffs') Contributions | $13,844,072.35 |
| Refunds – Property Taxes | $723,097.78 |
| Refunds – Utility Deposits | $214,734.44 |
| Insurance Reimbursements[2] | $689,668.11 |
| **TOTAL** | **$29,009,509.51** |

9.      Based on the foregoing, the Receiver requests the Court enter an order in the form attached as <u>Exhibit 2</u> to the Notice of this Motion and entitled (Proposed) Order Granting Motion for Orders: (1) Approving of Receiver's Final Accounting; (2) Approving of Receiver's Final Fees And Expenses; (3) Discharging Receiver and Receiver Certificates; (4) Exonerating Receiver's Bond; (5) Approving Turnover of Receivership Funds; and (6) Ratifying Acts of Receiver.

///

///

///

///

///

///

///

///

///

---

[2] Insurance reimbursement for repair and replacement costs of HVAC and electrical panels at two of the Properties due to copper theft.  These two Properties were located at 200-202 Imperial Highway, Fullerton, California and 2994 North Alma School Road, Chandler, Arizona.

PRINTED ON
RECYCLED PAPER

SF 1451016v1

- 6 -

W. HOFFMAN SUPPL. DEC. ISO MOTION FOR ORDERS APPROVING FINAL REPORT, ETC.

JMBM | Jeffer Mangels
Butler & Mitchell LLP

1    I declare under penalty of perjury under the laws of the United States of America that

2    the foregoing is true and correct.

3

4    DATED: March 12, 2013

WILLIAM HOFFMAN, Declarant

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

W. HOFFMAN SUPPL. DEC. ISO MOTION FOR
ORDERS APPROVING FINAL REPORT, ETC.

SF 1451016v1

PRINTED ON
RECYCLED PAPER

JMBM | Jeffer Mangels
Butler & Mitchell LLP

# EXHIBIT 1

1   JEFFER, MANGELS, BUTLER & MITCHELL LLP
    ROBERT B. KAPLAN (Bar No. 76950)
2   Two Embarcadero Center, Fifth Floor
    San Francisco, California 94111-3813
3   Telephone:    (415) 398-8080
    Facsimile:    (415) 398-5584
4
    Attorneys for Plaintiffs WELLS FARGO BANK, N.A., as Trustee
5   for (i) the Registered Holders of GE Commercial Mortgage
    Corporation Commercial Mortgage Pass-Through Certificates,
6   Series 2005-C4; (ii) the Registered Holders of GMAC Commercial
    Mortgage Securities, Inc., Mortgage Pass-Through Certificates,
7   Series 2006-C1; and (iii) the Holders of COMM 2005-FL11
    Commercial Mortgage Pass-Through Certificates, acting by and
8   through Midland Loan Services, Inc., its Special Servicer

9                        UNITED STATES DISTRICT COURT

10                     NORTHERN DISTRICT OF CALIFORNIA

11

12   WELLS FARGO BANK, N.A., as Trustee, etc.,   CASE NO.    CV 10-3493 EMC

13              Plaintiffs,                       **ORDER APPOINTING RECEIVER EX
                                                  PARTE AND PRELIMINARY**
14        v.                                      **INJUNCTION IN AID OF RECEIVER**

15   DDR MDT MV ANAHEIM HILLS LP, etc., et
16   al.,

17              Defendants.

18

19        Upon a reading of the Complaint herein (the "Complaint"), ~~the Ex Parte Application~~

20   ~~for Immediate Appointment of Receiver and Preliminary Injunction in Aid of Receiver,~~ and that

21   certain Stipulation for Ex Parte Appointment of Receiver (the "Stipulation"), entered into between

22   Plaintiffs Wells Fargo Bank, N.A., as Trustee for (i) the Registered Holders of GE Commercial

23   Mortgage Corporation Commercial Mortgage Pass-Through Certificates, Series 2005-C4; (ii) the

24   Registered Holders of GMAC Commercial Mortgage Securities, Inc., Mortgage Pass-Through

25   Certificates, Series 2006-C1; and (iii) the Holders of COMM 2005-FL11 Commercial Mortgage

26   Pass-Through Certificates (in that capacity, collectively, the "Trusts" or the "Plaintiffs"), acting by

27   and through Midland Loan Services, Inc., their Special Servicer, and Defendants DDR MDT MV

28   Anaheim Hills LP, DDR MDT MV Antioch LP, DDR MDT MV Chandler LLC, DDR MDT MV

1   Chino LP, DDR MDT MV Clovis LP, DDR MDT MV Deer Valley LLC, DDR MDT MV Folsom

2   LP, DDR MDT MV Foothill Ranch LP, DDR MDT MV Garden Grove LP, DDR MDT MV Ingram

3   LP, DDR MDT MV Lompoc LP, DDR MDT MV Madera LP, DDR MDT MV North Fullerton I

4   LP, DDR MDT MV Palmdale LP, DDR MDT MV Redding LP, DDR MDT MV Reno LLC, DDR

5   MDT MV Santa Maria LP, DDR MDT MV Santa Rosa LP, DDR MDT MV Silver Creek LLC,

6   DDR MDT MV Slatten Ranch LP, DDR MDT MV Sonora LP, DDR MDT MV Superstition

7   Springs LLC, DDR MDT MV Tucson LLC, DDR MDT MV Tulare LP, DDR MDT MV West Las

8   Vegas LLC, each, a Delaware limited partnership or a Delaware limited liability company, as

9   indicated, and DDR MDT MV Burbank LP, each, a Delaware limited partnership, (collectively, the

10  "Defendants" or "Borrowers"), and good cause appearing for the *ex parte* appointment of a receiver

11  in the above-entitled action (this "Action"):

### ORDER APPOINTING RECEIVER

13          IT IS HEREBY ORDERED THAT William Hoffman be and hereby is appointed

14  receiver (in such capacity, the "Receiver") in this Action over the Subject Properties[1] subject to the

15  condition that, before entering upon his duties as a Receiver, he shall take the oath and file a bond

16  with a surety thereon in the sum of $300,000.00 to secure the faithful performance of his duties as

17  such Receiver.

18          IT IS FURTHER ORDERED that the Receiver shall have the following powers and

19  responsibilities:

20          1.      To enter, gain access to and take possession of the Subject Properties and the

21  Rents (as that term is defined in the Loan Documents) notwithstanding Plaintiffs' enforcement of its

22  right prior to the filing of the Action to require Rents to be deposited into a lock box or similar

23  provisions which appear in the Loan Documents, to exclude and evict the Defendants, or anyone

24  claiming under or through the Defendants therefrom who are not under valid leases or rental

25  agreements to use, operate, manage and control the Subject Properties, to receive the Rents, to care

---

[1]  All capitalized terms not otherwise defined in this Order shall have the meanings ascribed to
them in the Complaint for Specific Performance and Appointment of Receiver previously filed
in the Action.

PRINTED ON
ECYCLED PAPER

989989v8

- 2 -

ORDER APPOINTING RECEIVER EX PARTE &
PREL. INJ. IN AID OF RECEIVER

1  for, preserve, protect, secure and maintain the Subject Properties and the Rents and incur the

2  expenses necessary for such care, preservation and maintenance; and to do all things and to incur

3  the risks and obligations ordinarily incurred by the Defendants, managers and operators of similar

4  businesses and properties, as such Receiver, and no risks or obligations so incurred shall be at the

5  personal risk or obligation of the Receiver, but shall be a risk or obligation of the receivership

6  estate;

7         2.     To demand, collect and receive the Rents in the possession of the Defendants,

8  or now due and hereafter coming due from the tenants or lessees of any portion of the Subject

9  Properties;

10         3.     To let, rent or lease from time to time any part of the Subject Properties,

11  subject to the written approval of the Plaintiffs in their sole discretion, to keep the building thereon

12  insured and in good repair, and, in connection with that letting, renting or leasing, to supervise and

13  manage any construction at any of the Subject Properties to be undertaken by any of the Defendants

14  under any lease of that Subject Property (including a lease thereof that any of the Defendants are

15  entitled hereunder to enter into after qualification of the Receiver) and, to the extent that the

16  Plaintiffs advance funds to pay for said construction, the Receiver shall supervise and manage the

17  same;

18         4.     To take possession of and receive from any and all banks, savings and loan

19  associations and/or any financial institutions any monies and funds on deposit in said banks, savings

20  and loan associations and/or any financial institutions in the name of the Defendants, to the extent

21  that said accounts contain the Rents generated by or arising out of the Subject Properties, and the

22  Receiver's receipt of said monies and funds shall discharge said banks, savings and loan

23  associations and/or any financial institutions from further responsibility for accounting to said

24  account holder for monies and funds for which the Receiver shall give his receipt;

25         5.     To take possession of all the books and records of the Defendants pertaining

26  to the Subject Properties including, without limitation, construction contracts, bids, subcontracts,

27  permits, licenses, blueprints, architectural documents, plans, and specifications from the

28  Defendants, wherever located, as the Receiver deems necessary for the proper administration,

JMBM | Jeffer Mangels Butler & Mitchell LLP

1     management and/or control of the estate, but said books and records shall be made available to the

2     Defendants as is reasonably necessary;

3            6.      To execute and prepare all documents and to perform all acts, either in the

4     name of the Defendants or in the Receiver's own name, which are necessary or incidental to

5     preserving, protecting, managing and/or controlling the Subject Properties and the receivership

6     estate; provided, however, that the Receiver will not, in so acting, be deemed to be an agent of the

7     Plaintiffs or the Defendants, and any monetary obligations incurred by the Receiver in operating,

8     managing, controlling, caring for, preserving, protecting, securing or maintaining the Subject

9     Properties will nonetheless be obligations of the receivership estate and not personal obligations of

10    the Receiver, Plaintiffs or the Defendants;

11           7.      To employ agents, servants, employees, guards, clerks, accountants,

12    construction managers, on-site managers and management consultants to administer the

13    receivership estate and to collect the Rents, manage the Subject Properties, and keep the same

14    insured and in good repair, if the Receiver shall deem the same necessary, and to pay the reasonable

15    value of said services out of the Rents received;

16           8.      For each insurance policy presently covering or with respect to any of the

17    Subject Properties that provides insurance for or with respect thereto that is required by the Loan

18    Documents (those policies, whether for any of the Subject Properties individually or under a blanket

19    policy, collectively, the "Required Policies"), Defendants shall keep that Required Policy in place to

20    cover or with respect to each of the Subject Properties until the earlier of (i) the current expiration

21    of that Required Policy; and (ii) the closing of a sale thereof by the Defendants or the Receiver;

22    provided, however, that with respect to any Required Policy, (i) the Receiver may permit the

23    Defendants to permit that policy to lapse or be cancelled; and (ii) to the extent that any Required

24    Policy requires the payment of premiums after the Receiver becomes qualified and the Receiver

25    does not pay the same, the Defendants may permit that policy to lapse or be cancelled. Upon the

26    qualification of the Receiver, the Defendants shall (i) as soon as is practicable advise the Receiver

27    of the nature, extent, and status of all Required Policies; and (ii) reasonably cooperate with the

28    Receiver in having the Receiver made an additional insured under each Required Policy. If any of

PRINTED ON
ECYCLED PAPER

989989v8

- 4 -       ORDER APPOINTING RECEIVER EX PARTE &
PREL. INJ. IN AID OF RECEIVER

JMBM | Jeffer Mangels
Butler & Mitchell LLP

1  the Subject Properties is sold by the Defendants or the Receiver prior to the current expiry of any

2  Required Policy and the Defendants or any affiliate of the Defendants is entitled on account thereof

3  to a refund or rebate of premiums paid on any Required Policy and the premiums for that Required

4  Policy were paid, in whole or in part, with Rents or advances by the Plaintiffs, the Defendants shall

5  cause that refund to be paid directly to the Plaintiffs, in kind, in accordance with those instructions

6  for the payment thereof that the Plaintiffs may give for application to the Indebtedness as provided

7  in the Loan Documents (as that term is defined therein).  Defendants shall also provide the Receiver

8  with the identity of the Defendants' insurance companies, insurance agent's names and contact

9  information and provide the Receiver with copies of all their current insurance policies relating to

10  the Subject Properties.  Upon the expiration of any current insurance policy(ies) in effect relating to

11  the Subject Properties, the Receiver is hereby ordered to procure insurance policies to replace any

12  such expired insurance policies in amounts and with coverage satisfactory to the Plaintiffs in their

13  sole discretion;

14        9.      To hold the monies coming into possession of the Receiver pursuant to his

15  operation of the business thereto, and not expended for any of the purposes herein authorized, shall

16  be held by said Receiver for the payment of the Defendants' obligations to Plaintiffs sued upon in

17  the Complaint;

18        10.     To establish bank accounts for the deposit of monies and funds collected and

19  received in connection with the Receiver's administration of the receivership estate, at any financial

20  institution the Receiver deems appropriate, provided that any funds on deposit at said financial

21  institution are fully insured by an agency of the United States government;

22        11.     To institute ancillary proceedings in this state or other states and countries as

23  are necessary to preserve and protect the receivership estate, and the Receiver may engage the

24  services of legal counsel, if necessary, upon prior approval of this Court and notice to the Plaintiffs.

25  The Receiver may pay for such services from the funds of the receivership estate;

26        12.     To the extent feasible, the Receiver shall, within thirty (30) days of his

27  qualification hereunder, file in this action an inventory of the Subject Properties which he shall have

28  taken possession pursuant to this Order and shall file supplemental inventories as needed;

ORDER APPOINTING RECEIVER EX PARTE &
PREL. INJ. IN AID OF RECEIVER

1    13.    To prepare a monthly report reflecting the Receiver's fees and administrative

2  costs and expenses incurred for said period in the operation and administration of the receivership

3  estate. The Receiver shall serve upon the parties a monthly report which includes a narrative report

4  of events, a financial report, a statement of all fees paid to the Receiver, employees and

5  professionals showing itemized services, a breakdown of the services by 1/10 of an hour

6  increments, if the fees are hourly, the hourly fees, and if the fees are on another basis, that basis.

7  Upon completion of the monthly report and the mailing of such statement to the parties' respective

8  attorneys of record, or any other designated person or agent; and if no objection is received within

9  10 calendar days after the mailing of the monthly report, the Receiver shall pay from the estate

10  funds, if any, the amount of said statement based upon the fee schedule set forth in the Declaration

11  of the Receiver filed in support of Plaintiffs' Ex Parte Application for Immediate Appointment of a

12  Receiver, etc. Despite the periodic statement of Receiver's fees and administrative expenses, such

13  fees and expenses shall be submitted to this Court for its approval and confirmation, in the form of a

14  stipulation among the parties, or the Receiver's final accounting and report;

15    14.    If there are insufficient funds in the receivership estate to pay expenses of the

16  receivership, the expenses of the receivership estate may be paid by the Plaintiffs or advanced to the

17  Receiver by the Plaintiffs, in their sole and absolute discretion, opinion and judgment of the

18  Plaintiffs, and the Receiver shall issue Receiver's Certificates of Indebtedness to the Plaintiffs in the

19  amount of any such payments or advances, all subject to the right of the Receiver or the Plaintiffs,

20  in their discretion, to seek further orders of this Court with respect thereto. Any such Certificates of

21  Indebtedness issued by the Receiver to the Plaintiffs shall not be the personal obligation of the

22  Receiver but the obligation of the receivership estate;

23    15.    The Receiver shall not be responsible for payment of any real property taxes,

24  utility bills, mechanic's liens, federal and state liens, construction contracts, unpaid payroll expenses

25  or other unpaid invoices for services, materials, labor or utilities incurred by the Defendants, or for

26  the benefit of, the Subject Properties prior to the Receiver's taking possession of the Subject

27  Properties. No utility or other vendor may terminate service or the provision of other goods or

28  services to the Subject Properties as a result of the non-payment of pre-receivership obligations,

JMBM | Jeffer Mangels
Butler & Mitchell LLP

1  without prior order of this Court;

2          16.     The Defendants, their agents, servants, employees or representatives, or all

3  persons or entities acting under or in concert with the Defendants, on receipt of a copy of this Order

4  shall provide the Receiver with the Tax Identification numbers utilized by the Defendants for the

5  construction or operation of the Subject Properties.  The Receiver shall be entitled to utilize the

6  aforementioned Tax Identification numbers during his operation of the Subject Properties;

7          17.     Pursuant to the provisions of 20 U.S.C. § 754, the Receiver shall file a copy

8  of the Complaint previously filed by Plaintiffs in this Action and this Order in the United States

9  District Court for each district in which the Subject Properties are located on or before 10 days have

10  elapsed from the date of the entry of this Order.

11          18.     The Receiver shall be authorized to open all mail addressed to the Defendants

12  at the Subject Properties.  The Receiver is authorized to make copies of this mail, and then forward

13  this mail to the addressed to the Defendants at the addresses provided by the Defendants;

14          19.     The Receiver and the parties to this case may, at any time, apply to this Court

15  for further or other instructions or orders and for further powers necessary to enable the Receiver to

16  perform the Receiver's duties properly;

17          20.     The Receiver is authorized to endorse checks payable to the Defendants, to

18  send notice to accounts receivable debtors of the Defendants directing the same to make payments

19  due to the Defendants which are part of the Subject Properties or the proceeds thereof to the

20  Receiver, to undertake whatever actions are reasonable or necessary to collect the accounts

21  receivable of the Defendants, and to compromise the amounts owing from account debtors of the

22  Defendants if in the Receiver's reasonable business judgment it is appropriate to do so;

23          21.     The Receiver is authorized to institute ancillary proceedings in this or in

24  other states as are reasonable or necessary to preserve and protect the Subject Properties and

25  receivership estate, to collect upon accounts receivable which are part of the Subject Properties to

26  obtain possession and collect any other part of the Subject Properties, and to defend himself from

27  the action of others;

28          22.     The Receiver shall have no responsibility for filing federal and state income

ORDER APPOINTING RECEIVER EX PARTE &
                PREL. INJ. IN AID OF RECEIVER

989989v8

PRINTED ON
RECYCLED PAPER

1   tax returns or federal or state payroll tax returns and shall not be responsible for paying any unpaid

2   federal and state payroll taxes and expenses of the Defendants.  The responsibility for such filings

3   and payments lies exclusively with the Defendants and their agents, servants, employees and

4   representatives;

5      23. The Receiver shall not be obligated to upgrade the Subject Properties or

6   make any improvements thereto, unless and until ordered to do so by this Court;

7      24. The Receiver shall not be obligated to contribute personal funds in the

8   performance of his duties hereunder;

9      25. Any security or other deposits which tenants of the Subject Properties have

10   paid to the Defendants or their agents and which are not paid to the Receiver and over which the

11   Receiver has no control, shall be obligations of the Defendants and may not be refunded by the

12   Receiver without an order of the above entitled Court.  Any other security or other deposits which

13   tenants of the Subject Properties have paid or may pay to the Receiver, if otherwise refundable

14   under the terms of their leases or agreements with the Receiver, shall be refundable by the Receiver

15   in accordance with such leases or agreements;

16      26. Defendants are ordered to promptly notify the Receiver of the names,

17   addresses and telephone numbers of all parties and their counsel who appear in the above-entitled

18   action, so that the Receiver may give notice to all parties of any matters affecting the receivership

19   estate;

20      27. No person or entity shall file suit against the Receiver, or take other action

21   against the Receiver, without an order of this Court permitting the suit or action provided, however,

22   that no prior court order is required to file a motion in this action to enforce the provisions of this

23   Order or any other order of this Court in this Action; and

24      28. The receivership estate and its employees, agents, attorneys and all

25   professionals and management companies retained by the Receiver shall have no liability for any

26   obligations, or debts incurred by the Defendants.  The Receiver and its employees, agents and

27   attorneys shall have no personal liability, and they shall have no claim asserted against them

28   relating to the Receiver's duties under this Order, without prior authority from this Court as stated in

JMBM   Jeffer Mangels Butler & Mitchell LLP

989989v8

- 8 -  ORDER APPOINTING RECEIVER EX PARTE &
PREL. INJ. IN AID OF RECEIVER

1   paragraph 27 above.

2           29.     Notwithstanding any provisions of this Order to the contrary, the Receiver

3   shall have no right to offer for sale or lease, negotiate to sell or lease, or to sell or lease the Pipeline

4   Lease Properties (as that term is defined in that certain Forbearance and Non-Interference

5   Agreement dated as of August 6, 2010 entered into between the Plaintiffs and the Borrowers (the

6   "Non-Interference Agreement")), until the earlier of (i) the Pipeline Lease Outside Effective Date

7   (as that term is defined in the Non-Interference Agreement) and (ii) the Plaintiffs written notice to

8   the Receiver via electronic mail, which shall be copied via electronic mail to the Defendants'

9   counsel of record in the above-entitled action, that the Receiver is authorized to do so (collectively,

10   a "Borrowers Pipeline Lease Properties Termination Event"). Prior to the occurrence of a

11   Borrowers Pipeline Lease Properties Termination Event, the Receiver shall cause his agents and

12   attorneys to cooperate, in a timely and prompt manner with the Defendants in connection with any

13   attempts made by the Defendants to promote, advertise, document and closing the lease of the

14   Pipeline Lease Properties.

15           30.     Notwithstanding any provision of this Order to the contrary, the Receiver

16   shall have no right to offer for sale or lease, negotiate to sell or lease, or to sell or lease the Pipeline

17   Sale Properties (as that term is defined in the Non-Interference Agreement) until the earlier of (i)

18   the Pipeline Sale Outside Closing Date (as that term is defined in the Non-Interference Agreement)

19   and (ii) the Plaintiffs have given a written notice to the Receiver via electronic mail, which shall be

20   copied via electronic mail to the Defendants' counsel of record in the above-entitled action, that the

21   Receiver is authorized to do so (collectively, a "Borrowers Pipeline Sale Properties Termination

22   Event"). Prior to the occurrence of a Borrowers Pipeline Sale Properties Termination Event, the

23   Receiver cause its agents and attorneys to cooperate in a timely and prompt manner with the

24   Defendants in connection with any efforts made by Defendants to promote, advertise, document and

25   close the sale of the Pipeline Sale Properties. Such cooperation shall also include the Receiver

26   effectuating the release of the Pipeline Sale Properties from the receivership estate

27   contemporaneously with the closing of any sale of the Pipeline Sale Properties.

28           31.    The Defendants shall be entitled to be paid the Pipeline Sale DDR

JMBM | Jeffer Mangels
Butler & Mitchell LLP

- 9 -       ORDER APPOINTING RECEIVER EX PARTE &
PREL. INJ. IN AID OF RECEIVER

1    Disposition Fee (as that term is defined in the Non-Interference Agreement) and EDT Retail

2    Management Limited (formerly known as Macquarie DDR Management LLC) shall be entitled to

3    be paid the Pipeline Lease DDR Disposition Fee (as that term is defined in the Non-Interference

4    Agreement) all as more specifically set forth in the Non-Interference Agreement and the Receiver

5    shall cooperate and not interfere with any such payments required to be paid to the Defendants.

6         IT IS FURTHER ORDERED that the Receiver shall have the power to take

7    possession of all of the books and records pertaining to the Subject Properties including without

8    limitation the following described records of the Defendants, items, permits, licenses, blueprints,

9    architectural documents, plans and specifications from the Defendants as the Receiver deems

10   necessary for the proper administration, management and/or control of the estate (collectively, the

11   "Records"), but the Records shall be made available to the Defendants as is reasonably necessary

12   including, without limitation, in connection with the sale by the Defendants of the Pipeline Sale

13   Properties or the lease by Defendants of the Pipeline Lease Properties:

14        a.    keys;

15        b.    books, records, checkbooks, ledgers, accounts payable and accounts

16   receivable records;

17        c.    leases including all communication/correspondence files;

18        d.    rent rolls;

19        e.    tenant contact names and telephone numbers;

20        f.    occupant ledgers;

21        g.    a current aged account receivable/delinquency report;

22        h.    an aged listing of all trade payables and other payables;

23        i.    non-privileged documents identifying and summarizing all pending

24   litigation (excluding this action);

25        j.    documents pertaining to all pending new leases or renewals;

26        k.    tenant and vendor insurance certificates;

27        l.    existing executory contracts and service contracts;

28        m.    pending bids for contractor work;

ORDER APPOINTING RECEIVER EX PARTE &
PREL. INJ. IN AID OF RECEIVER

JMBM | Jeffer Mangels
Butler & Mitchell LLP

PRINTED ON
RECYCLED PAPER

n.     on-site employee payroll records;

o.     documents, books, records and computer files of the Defendants related to the operation and management of the Subject Properties, all passwords needed to access same if not provided in CD or other reasonable electronic format, and all other records of the Defendants concerning the income, and operation and management of the Subject Properties;

p.     lists of utilities providers and utilities accounts;

q.     inventories of all equipment, furniture, vehicles, and supplies;

r.     operating statements and year-to-date 2010 operating statements;

s.     site plans, specifications, floor plans, drawings, measurements, *etc.*;

t.     list of historical common area maintenance charges and operating expenses for the Subject Properties;

u.     computer equipment, software, management files, equipment, furniture, and supplies of the Defendants, and all passwords needed to access all software and computer files of the Defendants relating to the operation and management of the Subject Properties, maintained at the on-site management office(s) (and all off-site financial records) including the office located at the Subject Properties if not provided in CD or other reasonable electronic format; and

v.     non-privileged information concerning all insurance claims submitted in the past three years concerning the Subject Properties.

IT IS FURTHER ORDERED that, in view of the unique nature of the Subject Properties, the limited purpose to which they may be used, and the size and value of the Subject Properties, it is in the best interest of the receivership estate that the Receiver attempt to sell any of the Subject Properties at private sales, through direct negotiations with respect to purchasers, and the Receiver is authorized to do so and shall employ the following sales procedures with respect to the sale of any of the Subject Properties:

a.     The Receiver shall retain one or more brokers to list any of the Subject Properties for sale (collectively, the "Broker") subject to the written approval of the Plaintiffs and this Court;

JMBM | Jeffer Mangels
Butler & Mitchell LLP

ORDER APPOINTING RECEIVER EX PARTE & PREL. INJ. IN AID OF RECEIVER

1          b.      All offers to purchase any of the Subject Properties thereof shall be

2   presented in writing by the Broker to the Receiver.  On or before two business days have elapsed

3   from the date of the Receiver's receipt of any offer to purchase any of the Subject Properties in

4   question (the "Sale Offer"), the Receiver shall deliver a copy of the Sale Offer via electronic mail to

5   (i) Robert B. Kaplan, Esq., counsel for the Plaintiffs via electronic mail, at RBK@jmbm.com, and

6   (ii) counsel for the Borrowers in this Action (collectively, the "Sales Parties");

7          c.      The Receiver shall have the right, in his sole discretion, to accept,

8   reject, and/or make a counteroffer to any Sale Offer, and shall provide notice in the manner set forth

9   in section b above of any acceptance, rejection and/or counteroffer to the Sale Parties concurrently

10  with the delivery of the counteroffer to the proposed buyer;

11         d.      The Receiver shall have the right, in his sole discretion, to accept any

12  Sale Offer, (the "Accepted Offer") and to perform such acts as reasonably may be required to sell

13  any of the Subject Properties or any portion thereof and to execute all documents and instruments

14  reasonably necessary related thereto to close any escrow established for the sale of any of the

15  Subject Properties, and to transfer title of any of the Subject Properties to a buyer; provided,

16  however, that any Accepted Offer shall be solely subject to the written approval of the Plaintiffs, in

17  their sole discretion;

18         e.      Any actions taken by the Receiver to sell any of the Subject

19  Properties shall not constitute or create a representation or warranty by the Receiver as to any aspect

20  of the sale of any of the Subject Properties and any such sale shall be "as is", "where is", "with all

21  faults" and with no representations and/or warranties, and shall be without risk or liability to the

22  Receiver and/or the receivership estate;

23         f.      Any Accepted Offer shall state to the buyer of any of the Subject

24  Properties that the Accepted Offer is subject to approval by this Court without overbid;

25         g.      A motion to approve and confirm a sale of one or more of the Subject

26  Properties pursuant to a purchase and sale agreement which is executed in connection with each

27  Accepted Offer ("PSA") may be made on no less than 35 days notice to the parties to the Action,

28  unless this Court enters an Order allowing such a motion to be heard on shortened time;

PRINTED ON
'CYCLED PAPER

989989v8

- 12 -    ORDER APPOINTING RECEIVER EX PARTE &
                  PREL. INJ. IN AID OF RECEIVER

JMBM | Jeffer Mangels
      | Butler & Mitchell LLP

1       h.      All proceeds of sale paid to the Receiver including, but not limited to,

2  any commissions owed to the Broker in connection with the closing of any sale approved by this

3  Court pursuant to an Accepted Offer, shall be distributed as set forth in any Order entered by this

4  Court approving of an Accepted Offer;

5       i.      Notwithstanding the provisions of 28 U.S.C. § 2001(b), the Plaintiffs

6  and Defendants have waived the provisions thereof that (1) require the Court to appoint three

7  disinterested persons to appraise any of the Subject Properties which is the subject of an Accepted

8  Offer or different groups of three appraisers to appraise the Subject Properties which is the subject

9  of the Accepted Offer, (2) require that no private sale of the Subject Properties can be confirmed at

10  a price which is less than two-thirds of its appraised value, and (3) permit overbidding with respect

11  to any sale of the Subject Properties which is the subject of Accepted Offer;

12       j.      Defendants shall at all times cooperate, and cause its agents and

13  attorneys to cooperate, with any reasonable request of the Receiver, in a timely and prompt manner,

14  in connection with any efforts made by the Receiver to sell and/or lease the Subject Properties

15  including without limitation all commercial and reasonable efforts of Receiver to promote,

16  advertise, document and close the sale or leasing of the Subject Properties; provided, however,

17  nothing contained in this subsection j. of this Order shall in any impair the rights of the Defendants

18  and the obligations of the Receiver with respect to the Pipeline Lease Properties and with respect to

19  the Pipeline Sale Properties as more specifically set forth in Sections 29 and 30 of this Order infra;

20  and

21       k.      The Receiver shall (1) deliver via electronic mail to counsel for the

22  Sales Parties a copy of a fully executed PSA or each proposed sale of the Subject Properties which

23  is the subject of an Accepted Offer within two business days (as that term is defined in the Non-

24  Interference Agreement) after execution, (2) provide five business days advance notice via

25  electronic mail to counsel for the Sales Parties of the Closing Date of any sale of the Subject

26  Properties pursuant to a PSA which has been approved by the above-entitled Court and any changes

27  thereto, and (3) deliver via electronic mail to counsel for the Sales Parties notice that a sale pursuant

28  to an approved PSA has been closed and a copy of a deed transferring ownership of each of the

PRINTED ON
RECYCLED PAPER

JMBM  Jeffer Mangels
         Butler & Mitchell LLP

989989v8

- 13 -        ORDER APPOINTING RECEIVER EX PARTE &
               PREL. INJ. IN AID OF RECEIVER

1  Subject Properties which is the subject of an approved PSA, on or before seven business days have

2  elapsed from the closing date.

3  ### PRELIMINARY INJUNCTION IN AID OF RECEIVER

4  IT IS FURTHER ORDERED that the Defendants, and all persons and entities now

5  in possession of any part of the Subject Properties and not holding under valid leases, or rental

6  agreements, shall forthwith surrender their possession thereof to said Receiver, and that all tenants

7  or lessees in possession of any part of the Subject Properties, and such other persons or entities as

8  may be lawfully in possession thereof, are hereby directed to attorn as tenants, or lessees to said

9  Receiver.

10  IT IS FURTHER ORDERED that the Defendants and their agents, employees and

11  representatives, and all persons or entities acting under or in concert with the Defendants, are

12  restrained and enjoined from engaging in or performing, directly or indirectly, any or all of the

13  following acts:

14  1.    Interfering with or hindering in any way whatsoever the Receiver in the

15  performance of the Receiver's duties herein described and in the performance of any duties incident

16  thereto;

17  2.    Interfering in any manner with the Subject Properties, including its

18  possession;

19  3.    Transferring, conveying, assigning, pledging, deeding, selling, renting,

20  leasing, encumbering, changing ownership of, vesting of title to, or otherwise disposing of the

21  Subject Properties, other than the Pipeline Sale Properties and Pipeline Lease Properties as more

22  specifically set forth in Sections 28 and 29 of this Order infra; and

23  4.    Terminating or otherwise affecting any of the utilities which service the

24  Subject Properties.

25  IT IS FURTHER ORDERED that:

26  1.    The Defendants, their agents, servants, employees or representatives, or any

27  persons or entities acting under or in concert with Defendants, shall immediately give to Receiver

28  electronic access to the records and all other documents and papers of Defendants pertaining to the

JMBM | Jeffer Mangels
Butler & Mitchell LLP

1    operation of the Subject Properties and promptly shall provide copies of same as requested by the

2    Receiver over to the Receiver the Records and all other documents and papers of the Defendants

3    pertaining to the operation of the Subject Properties and shall turn over to the Receiver all Rents in

4    the possession of the Defendants, if any; and

5            2.      The Plaintiffs and their officers, employees and agents shall have immediate

6    access to the Subject Properties to enable them to view and inspect the Subject Properties for the

7    purposes of appraisal.

8            IT IS FURTHER ORDERED that the Receiver is not authorized to take possession

9    of any monies of the Defendants except for those which are the Rents of the Subject Properties as

10   that term is defined in the Loan Documents.

11           IT IS FURTHER ORDERED that the requirement that the Plaintiffs file an

12   undertaking pursuant to Federal Rule of Civil Procedure 65(e) is hereby waived.

13

14   DATED: 8/24/10

15                                          UNITED STATES DISTRICT COURT JUDGE

                                                    MAGISTRATE

16

17

18

19

20

21

22

23

24

25

26

27

28

PRINTED ON
RECYCLED PAPER

989989v8

ORDER APPOINTING RECEIVER EX PARTE &
PREL. INJ. IN AID OF RECEIVER

# PROOF OF SERVICE

## STATE OF CALIFORNIA, CITY AND COUNTY OF SAN FRANCISCO

### *Wells Fargo Bank, N.A. v. DDR MDT MV Anaheim Hills LP, etc. et al.*

### *Case No. CV10-3493 EMC*

I am employed in the City and County of San Francisco, State of California. I am over the age of 18 and not a party to the within action; my business address is: Two Embarcadero Center, 5th Floor, San Francisco, California 94111.

On March 13, 2013 I served the document(s) described as

**SUPPLEMENTAL DECLARATION OF WILLIAM HOFFMAN IN SUPPORT OF MOTION FOR ORDERS:**

**(1)  APPROVING OF RECEIVER'S FINAL ACCOUNTING;**
**(2)  APPROVING OF RECEIVER'S FINAL FEES AND EXPENSES;**
**(3)  DISCHARGING RECEIVER;**
**(4)  EXONERATING RECEIVER'S BOND;**
**(5)  APPROVING TURNOVER OF BOND;**
**(6)  RATIFYING ACTS OF RECEIVER**

in this action addressed as follows:

Jill B. Rowe, Esq.
Cooper, White & Cooper LLP
201 California Street, 17th Floor
San Francisco, CA 94111
Email: jrowe@cwclaw.com

☒  (TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)) Pursuant to the controlling Rules, the aforementioned document(s) will be served by the court via NEF and proper link(s) to the document(s). On 3/13/13, I checked the appropriate CM/ECF docket for this case or proceeding and determined that the aforementioned person(s) has/have consented to receive NEF transmission at the aforementioned electronic addresses.

Executed on March 13, 2013 at San Francisco, California.

I declare under penalty of perjury under the laws of the United States that the above is true and correct.

_____/s/ Angela Pereira_____

Angela Pereira

PROOF OF SERVICE

, Case No.

CV 10-3493 EMC

JMBM | Jeffer Mangels Butler & Mitchell LLP

PRINTED ON RECYCLED PAPER

SF 1432244v1